MARY CREAMER *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.    March 4, 1892. — May 9, 1892.

Present: FIELD, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Death after leaving Street Railway Car — Passenger — Due Diligence — Taking Case from Jury.*

One who steps from a street railway car to the street is not upon the premises of the railway company, but upon a public place where he has the same rights with every occupier, and over which place the company has no control. His rights are those of a traveller upon the highway, and not of a passenger; and if he is killed immediately after leaving the car by being struck by another car, his administratrix cannot maintain an action against the railway company under the St. of 1886, c. 140.

While it may not be, as matter of law, negligent for one to leave a street car while in motion, or to attempt to cross a street car track without looking to see whether a car is approaching, yet neither of these acts is evidence of due care;

and where the undisputed testimony showed that, in spite of warnings from those in his immediate vicinity, a passenger on a street railway car suddenly, without precaution, alighted therefrom, and was struck by another car and killed, it was *held* that his administratrix could not maintain an action against the railway company under the St. of 1886, c. 140.

If, as a matter of common knowledge and experience, the court can see that, upon all the undisputed facts, the plaintiff's intestate was not in the exercise of due diligence in alighting from a street railway car, and that his death, caused by being immediately struck by another car, was in part attributable to his want of such diligence, the jury may be properly told, as matter of law, in an action against the company, that the plaintiff cannot recover.

BARKER, J.  The plaintiff's intestate was instantly killed on Warren Street by an electric car, which, it was testified, was running at a speed of fifteen miles an hour.  His death under such circumstances gave the plaintiff a right to maintain the action under the St. of 1886, c. 140, if, when killed, he was a passenger, or if, not being a passenger, he was in the exercise of due diligence.  He had ridden as a passenger upon another car, which he had left immediately before he was killed.  When struck, he was walking across Warren Street, having taken one or two steps from the place where he had touched the ground on leaving his car, and was between the rails of the track on which was the car by which he was struck.  He had not reached or had time to reach the sidewalk of Warren Street, but he had left the car on which he had been a passenger, and had begun his progress on foot across the street.  We are of opinion that he was not a passenger when the accident occurred, and that he ceased to be a passenger when he alighted upon the street from his car.  The street is in no sense a passenger station, for the safety of which a street railway company is responsible.  When a passenger steps from the car upon the street, he becomes a traveller upon the highway, and terminates his relations and rights as a passenger, and the railway company is not responsible to him as a carrier for the condition of the street, or for his safe passage from the car to the sidewalk.  When a common carrier has the exclusive occupation of its tracks and stations, and can arrange and manage them as it sees fit, it may be properly held that persons intending to take passage upon or to leave a train have the relation and rights of passengers in leaving or approaching the cars at a station.  *Warren* v. *Fitchburg Railroad*, 8 Allen, 227.  *McKimble* v. *Boston & Maine Railroad*, 139 Mass.

542.  *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207, 214. But one who steps from a street railway car to the street is not upon the premises of the railway company, but upon a public place where he has the same rights with every other occupier, and over which the company has no control.   His rights are those of a traveller upon the highway, and not of a passenger.

The plaintiff, therefore, cannot recover unless she shows by affirmative evidence that the deceased was in the exercise of due diligence to avoid injury in travelling upon the street.   As was said in *Chaffee* v. *Boston & Lowell Railroad*, 104 Mass. 108, 115, " The question of ordinary care is, in most cases, even where the facts are undisputed, a question of fact, which it is peculiarly the province of the jury to settle."   But as was also said in the same case :  " If, as a matter of common knowledge and experience, the court can see that, upon all the undisputed facts, the plaintiff was not in the exercise of ordinary care, and that the injury he received was in part attributable to his want of it, the jury may be properly told, as matter of law, that he cannot recover."   " If the whole evidence introduced by the plaintiff has no tendency to show care on his part, but on the contrary shows that he was careless, it is the duty of the court to direct the jury, as matter of law, to return a verdict for the defendant." *Warren* v. *Fitchburg Railroad*, 8 Allen, 227, 230, and cases cited.

All the material evidence bearing upon the question whether the deceased was in the exercise of due diligence is stated in the bill of exceptions.   In the opinion of the presiding justice it had no tendency to show that the deceased was in the exercise of due care, and if this view of the evidence was correct there should be judgment on the verdict which he ordered.

The time of the accident was about half-past eleven o'clock at night.   The car on which the deceased was riding was an open car, drawn by horses, and going southerly on Warren Street, approaching Savin Street, near which he lived.   The car had transverse seats and he was sitting on the extreme left of. the rear seat.   There were two car tracks in the street, and his car was on the right hand track as he rode southerly.   Savin Street led off from Warren Street to the left, and the car which struck him was running northerly on the track at his left.   When the car on which he was riding had approached within one hundred

and fifty feet of Savin Street, the conductor rang the bell for it to stop at Savin Street.    There was a stone cross-walk from Savin Street across Warren Street.    The junction of these two streets was a regular stopping place for electric and horse cars, and was so marked with the usual posts.    Before the car actually stopped, and when the deceased was within five or ten feet of the cross-walk, he rose from his seat and immediately stepped off the car, at right angles, to the left.    His car had slowed up, but was still in motion when he left it, and he stepped in front of another car going northerly upon the other track, and was instantly killed.    The car on which he had been riding came to a stop a few feet farther on.    The car which struck him was coming down hill, and was moving at a speed of fifteen miles an hour.    It was an electric car of the open pattern, lighted and crowded with people.    The gong of this car was ringing, and the passengers upon it were shouting, singing, and whistling, and making a good deal of noise.    The street was straight, and there was nothing, except the passengers in front of the deceased as he sat in his seat, to obstruct his view of the approaching car before he left his seat, and nothing after he rose to leave the car.    When he rose from his seat and started to get off, two men, one the conductor and the other a fellow passenger, who were standing on the platform immediately behind him, shouted to him to stop; but he did not appear to hear, and stepped off on the street to go across, and was on the other track, having taken the first step and being in the act of finishing the second when he was struck.    When he rose to leave, the dashers of the two cars were opposite each other; and when he touched the ground, the car which struck him was not more than five or six feet away. He made no reply to the warnings given him, and did not appear to hear them.    The testimony was that he did not appear to pay attention to anything, and the witnesses saw no indication that he took any notice of the approaching car or of the warnings given; that his movement in leaving was so sudden that there was only time to shout to him; and that he jumped from the car and went right along.    Without quoting at length from the testimony, it is sufficient to say that it discloses no single indication of the exercise of care or caution on the part of the deceased.    There is no evidence that his senses were defective,

and no suggestion in the testimony of any other reason for haste in leaving the car than the fact that it was near his destination. We do not of course hold that it is, as matter of law, negligent for one to leave a street car while it is in motion, or to attempt to cross a street car track without looking to see whether a car is approaching; but neither of these acts is evidence of due care, and we cannot discover in the testimony reported any evidence that the deceased exercised care or attention of any kind or degree. On the contrary, the undisputed evidence shows that, in spite of warnings from those in his immediate vicinity, he suddenly, without precaution, precipitated himself into a position of great and obvious danger. He no doubt had a right to expect that any cars which might be upon the other track would not run at a dangerous rate of speed, and would be lawfully managed; but this expectation could not excuse him from the exercise of all proper care, and does not relieve the plaintiff from the obligation of proving by positive affirmative evidence that the deceased was in fact in the exercise of due diligence. As there was no such evidence, a verdict for the defendant was rightly ordered.        *Judgment on the verdict.*

*J. D. Long*, for the plaintiff.

*M. F. Dickinson, Jr. & W. B. Sprout*, for the defendant.