West Chicago St. R. R. Co. v. Frances Waniata, Administratrix, etc.

1.  NEGLIGENCE—*Street Car Companies must give Passengers Reasonable Opportunity to Alight.*—A street car company is bound to afford a passenger a reasonable opportunity to alight with safety, and the crowded condition of a car is no excuse for lack of attention to a request

of a passenger, that a car stop for him to get off. The failure of a conductor to hold a car until a passenger has a reasonable opportunity to get off at a place and in a manner that would not subject him to injury by a passing team drawing another car, is negligence.

2. DAMAGE—*For Killing a Boy Five Years Old—$3,000 not Excessive.* —A judgment for $3,000 in favor of the administrator of a boy five years of age, killed through the negligence of the defendant, is not excessive compensation for such killing.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

### STATEMENT OF THE CASE.

This was an action by Frances Waniata, as administratrix of the estate of William Waniata, deceased, to recover damages for the death of her intestate, caused by the alleged negligence of the West Chicago Street Railroad Company.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

FRANCIS T. MURPHY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The accident happened to a small boy, a passenger, while endeavoring to alight from one of defendant's cars. The deceased was out with his mother, who, in charge of several children, having ridden on the car to her destination, attemped to get off. The car stopped, the mother with a babe in her arms got safely off; the deceased, five years of age, attempted to follow his mother, but was prevented by the crowded state of the car from keeping close to her, and got off from the opposite side of the car. In so doing, he was struck by a team of horses drawing one of appellant's cars, in a direction opposite to that in which the car, whereon the deceased had ridden, was going.

It is probable that the conductor did not, in the crowd,

notice that the deceased was trying to get off, as the car seems to have started and gone some distance before he jumped.

Appellant was bound to afford the deceased a reasonable opportunity to alight with safety. The crowded condition of its car is no excuse for lack of attention to the request of the deceased that the car stop for him to get off. The conductor was bound to pay heed to the manifest movements and desire of the deceased, and appellant was negligent in not holding its car until the deceased had a reasonable opportunity to get off at a place and in a manner that he would not be injured by a passing team drawing another car.

The judgment for $3,000 not being, in the opinion of a majority of the court, excessive, is affirmed.