'CLIFFORD and another, Respondents, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appel-

*November 25, 1899 — February 27, 1900.*

*Railroads: Fires: Negligence: Pleadings: Motions, when reviewable: Bill of exceptions: Instructions to jury.*

1. An order denying a motion that a complaint be made more definite and certain as to matters within defendant's knowledge and which it had prepared to meet, is *held* not to have necessarily affected the judgment; and it is therefore not reviewable upon an appeal from the judgment unless, with the exceptions thereto, it has been incorporated into the bill of exceptions.

2. A requested instruction must be correct, so that the court can properly give it without change, in order to constitute its refusal error.

3. In an action to recover for damage to timber from a fire negligently set by defendant's employees, it is not error to refuse to exclude such fire from the consideration of the jury, where the testimony as to whether that fire was extinguished or was intercepted by other fires before reaching plaintiffs' lands was conflicting, and was fairly submitted to the jury.

Clifford and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

4. The refusal to give a requested instruction is not error, when the
   rule of law therein attempted to be stated as a guide to the jury
   was sufficiently and correctly given in the general charge: it is not
   necessary for the court to indulge in the repetition of an instruc-
   tion by applying it to each of the several places where damage was
   claimed to have occurred.

APPEAL from a judgment of the circuit court for Oneida
county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

In the summer of 1894, the plaintiffs' timber lands, situated
in township 36, range 3 E., township 36, range 4 E., and
township 37, range 4 E., in the counties of Oneida and Price,
lying from one to seven miles north of the defendant's rail-
road track, were damaged by fires, and this action to recover
for such damage was brought. The complaint alleged neg-
ligent setting of fires by the defendant at various undefined
points along its road between about three miles east of Pren-
tice and one mile east of Clifford, a distance of some twelve
miles, but that plaintiffs were unable to specify the exact
points on said track where the particular fires that damaged
their property were set, or just which of said fires, and
whether more than one, extended to and burned their lands.
On the trial the proofs were confined to two fires, one known
as mile-post No. 173 fire, started in the northerly. part of
section 9, township 35, range 2 E., and the Clifford fire,
started near the south quarter stake of section 31, town-
ship 36, range 4 E. The amount of damage claimed was
$32,571.75. There was no very serious dispute as to the fact
that fires did originate at both these points from the burning
of old ties by defendant's employees, and did escape from the
defendant's right of way onto adjoining ground; it being,
however, vigorously disputed whether both of said fires did
not die out before reaching any of the plaintiffs' lands, and
whether there were not other fires, of which, in the latter
part of July, there were several in that region of country,
which in fact caused the damage, either of themselves or by

intercepting and joining with the fires originated by the defendant.

After an extended trial, had in 1897, plaintiffs recovered a verdict of $2,216.65 for damage to timber, which defendant moved to set aside for errors upon the trial and also because contrary to the law and the evidence, which motion was denied. The defendant moved to require the complaint to be made more definite and certain, accompanying the motion by an affidavit pointing out that several fires had originated along its right of way, of which it had more or less knowledge, among them the two fires afterwards relied on by the plaintiffs, and asserting that each of said fires would require the attendance of a considerable number of different witnesses not required for either of the others. That motion was overruled, and a written exception thereto filed, but neither the motion, order, nor exception was included in the bill of exceptions which has been settled in the case.

The assignments of error are: (1, 2) denial of the motion to make the complaint definite and certain; (3) refusal of instruction excluding from the consideration of the jury any damage claimed to result from the fire at mile-post No. 173; (4) refusal of requested instruction as to certainty of evidence; (5) refusal to direct a verdict in favor of the defendant as to the damage to timber lands; and (6) denial of defendant's motion for a new trial.

*Alfred H. Bright*, for the appellant.

For the respondents there was a brief by *Cate, Sanborn, Lamoreux & Park*, and oral argument by *A. W. Sanborn*.

The following opinion was filed December 15, 1899:

Dodge, J. 1. The first and second assignments of error are alleged upon the refusal of the court to require plaintiffs to make complaint more definite and certain as to the place or places where originated the fires which were claimed to

Clifford and another vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

have injured plaintiffs' lands, the specific acts of negligence charged to defendant, and the course pursued by a certain fire started July 7. While it may well be that the complaint should have been more definite as to somé of these matters, and plaintiffs could have made it so if they had knowledge enough to justify them in commencing suit at all, yet it must be noted that these orders now complained of, and the exceptions thereto, are not brought into the record by the bill of exceptions. They cannot, therefore, be considered on this appeal, unless they involve the merits of the action and necessarily affect the judgment. Sec. 3070, Stats. 1898; *Tronson v. Union L. Co.* 38 Wis. 202; *Hewitt v. Follett*, 51 Wis. 264; *Donkle v. Milem*, 88 Wis. 33; *Keller v. Gilman*, 96 Wis. 445; *McCormick v. Cleveland*, 98 Wis. 522. The orders in question probably involve the merits, but did they necessarily affect the judgment? Defendant's affidavits, as also the evidence on the trial, make apparent its knowledge of both of the fires attempted to be proved by plaintiffs, and its preparation to meet such proof. True, the labor and expense of that preparation, as also of the trial, may well have been enhanced by uncertainty in the complaint, but this is not enough. Not every order which affects the trial or a party's convenience necessarily affects the judgment. We find it impossible to say from this record that the same judgment might not have been reached upon an entirely certain and specific complaint. The orders in question, therefore, did not necessarily affect it, and the error, if any, is not before us for review.

2. The third, fifth, and sixth assignments of error present the question whether there was any evidence which, upon the most favorable consideration, and with every reasonable inference resolved in plaintiffs' favor, might have justified the jury in finding that the two several fires reached and destroyed plaintiffs' timber. The view of the trial court is

of much weight on such question. *Maitland v. Gilbert P. Co.* 97 Wis. 476, 491; *Lewis v. Prien,* 98 Wis. 87. Especially forceful is such opinion upon a trial like this, where much of the testimony was given with reference to a map spread before the court and jury, and the finger of the witness was. almost as frequent a medium of information as his spoken words, and the witness's " Here " and " There " were explanatory and instructive, while they are so nearly meaningless in the printed record. The charge, in its multiplicity of detail, leaves no doubt of the great care exercised by the trial court, nor of his complete mastery of the very complicated evidence relating, not only to the fires set by defendant, but to numerous other fires of independent authorship, claimed on the one hand to have intervened and at least shared responsibility for plaintiffs' damage, while plaintiffs. claimed to have established the contrary as to each and all. Careful study of the record convinces us that there is evidence tending to prove plaintiffs' contention as to each of the fires. alleged. Any extended discussion or analysis thereof would serve no useful purpose here. As to the so-called " milepost No. 173 fire," the testimony of Chalker, Bowen, and Charles Darrell, taken together and uncontradicted, would fully justify the conclusion that such fire continued from defendant's right of way northeastward, passed through sections 8, 9, 16, and 17, township 36, range 3 E., in which plaintiffs had lands burned, and that it passed on eastward, towards other lands of plaintiffs. While Darrell's testimony is somewhat uncertain as to the date when he first saw this fire, and whether it was located at the mile post or further east, the testimony of Chalker fixes the time, and that of both Chalker and Bowen refutes the existence of any other than the mile-post fire in the direction and at the time of Darrell's observation. Peter Anderson and John W. Emerson also give testimony justifying conclusion of identity of the fire as to which Chalker and Darrell, and indeed many

others, testify, with that set by defendant at the mile post. As to whether this fire was extinguished, or was intercepted by others, there is a mass of conflicting testimony, which was fairly submitted to the jury, within whose province it especially belonged. We cannot say that the trial court erred in refusing to exclude this fire from the consideration of the jury.

The efficiency of the fire originated by defendant just east of Clifford to damage plaintiffs' timber in section 30, township 36, range 4 E., is supported by the direct testimony of several witnesses to personal observation and knowledge, and of many to facts supporting the inference, and it is denied by testimony of others who put squarely in dispute facts testified to by plaintiffs' witnesses; but if the jury credited the testimony offered by plaintiffs, they might well have found, as they did, both as to the fact and amount of damage attributable to this fire. It would needlessly and very greatly extend this opinion to take up this conflicting evidence here in detail. That was done between counsel and the trial court, and we concur in the conclusion here reached that, wherever the preponderance of evidence may have been, the testimony of the plaintiffs' witnesses was not so incredible nor so antagonized by any undisputed conditions or circumstances that it could not support a verdict.

Appellant assigns error upon the refusal of the following instruction: "It appears by the uncontradicted evidence that an extensive fire, for which the defendant is not responsible, and whose origin is unknown, was working southeasterly towards section 30, and that such fire might have reached the lands of the plaintiffs in said section, and burned over the same, independently of the fire charged to the defendant. If the jury believes, from all the evidence, that the fire set by the section men did run north over some of the lands of the plaintiffs in section 30, and the jury believes that the northwest fire also burned over some of the lands in said

section before such other fire reached them, and the jury is unable to say from the evidence what lands were so burned over by the fire set by the section men, or is unable to ascertain with reasonable certainty the amount of damage done to such lands burned over by said last-mentioned fire, the plaintiffs cannot recover for any injury to said section 30." Two sufficient reasons exist why this refusal cannot be reversible error: First, because the instruction requested is itself erroneous, in asserting that the uncontradicted evidence established the presence of a fire to the northwest of section 30, township 36, range 4, *for which the defendant was not responsible*, and which might have extended into said section 30. This assertion is predicated upon the same argument as is the contention that there was no evidence to carry to the jury the question of the efficiency of the mile-post fire for any of plaintiffs' damage. The fire referred to by appellant as possibly invading section 30 was discovered by bark peelers at work in sections 14 and 24, township 36, range 3, to the north and west of them, on and prior to the 26th day of July. We have already pointed out that there was evidence carrying the mile-post fire through sections 8, 9, 16, and 17, township 36, range 3, and from there on eastward, as early as about July 20 or 22, and the inference was by no means impossible that the fire seen by the bark peelers, and which finally drove them out of their camps, was this same fire, responsibility for which was not conclusively removed from the defendant. In order to constitute its refusal error, a requested instruction must be correct, so that the court can properly give it without change. Sec. 2853, Stats. 1898. The second reason why the refusal of this instruction was not error is that the rule of law therein attempted to be stated as a guide to the jury was sufficiently and correctly given in the general charge. *South Milwaukee B. H. Co. v. Harte*, 95 Wis. 592; *National Bank v. Illinois & W. L. Co.* 101 Wis. 247. The court instructed the jury: "If the evidence, fairly

considered, leaves this matter in doubt, so that you are left to guess or conjecture as to whether the fire from defendant's right of way or some other fire caused the damage complained of, there can be no recovery for the plaintiffs by reason thereof, and your verdict upon that issue must be for the defendant." This was the whole gist and substance of the instruction requested, namely, that the jury must find from evidence that the damage was caused by a fire for which the defendant was responsible, and, if their conclusion to that effect could be only the result of conjecture or guess, they could not allow the damages. It was not necessary for the court to indulge in repetition of this instruction by applying it to the several places where damage was claimed to have occurred, or to any of them.

We find no reversible error in the record.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.

A motion for rehearing was submitted on the briefs of *Alfred H. Bright,* attorney, and *M. B. Koon* and *H. B. Dike,* of counsel, for the motion, and on that of *Cate, Sanborn, Lamoreux & Park, contra.*

The motion was denied February 27, 1900.