Street Railroad *v.* Boddy.

---

STREET RAILROAD *v.* BODDY.

(*Knoxville.*   October   8,   1900.)

STREET RAILROAD.   *Duty to alighting passengers.*

> A street railroad company is not held to that high degree òf
> care and liability, which it owes to a passenger on its cars, in
> favor of òne who has alighted from its car at his destination,
> a public place—*e. g.*, an intersection of streets, over whicḥ the
> company has no special control—and is proceeding to the side-
> walk.   The company does, however, owe to such person, at
> such public place and while near its track, a very high degree
> of care.   At its stations or other places under the control of
> the company, persons do not, it seems, lose at once their
> character of passengers on alighting from the cars.

---

FROM   HAMILTON.

---

Appeal in error from Circuit Court of Hamilton
County. FLOYD ESTILL, J.

BROWN & SPURLOCK for Railroad.

BLOOM & BODDY and PRITCHARD & SIZER for
Boddy.

BEARD, J. The defendant in error boarded a
car of the plaintiff in error, which ran north on
Whiteside street, in Chattanooga. His point of
destination was the intersection of that street with
Lewis street. When this place was reached the

car was stopped, and he was invited to alight. To do this he passed to the back platform and thence down the steps. After reaching the ground, and while the car was standing still, he passed around its rear end, intending to cross, as was his habit, and as his business called him to the far side of Whiteside street. About eighteen inches or two feet from the track on which the car stood which he was leaving there ran a parallel track, used for the passage of the cars of the same company. In the act of stepping between the rails of this parallel track he was struck by a south-bound car, which was running at such a rate of speed that, after having knocked him down, it dragged him a very considerable distance before it could be brought to a standstill. The result was serious personal injuries, for which he obtained a substantial recovery in this action. Upon this appeal in error by the railway company a number of assignments of error were made upon the action of the trial Court, only one of which will be embraced in this written opinion; the others, being less important, will be disposed of orally.

The trial Judge, after properly stating to the jury if they found that plaintiff and defendant were guilty of negligence which contributed proximately to the injury, or if they found the want of care on the part of the plaintiff was the proximate cause of the action, the action must fail,

then added: "If the proof shows that the plaintiff was a passenger on one of the defendant's cars, and he had alighted from the car upon which he had been transported, and in attempting to leave at the point of his destination, to go to his business, he was injured by another car being operated by the defendant company while attempting to cross behind the car from which he had alighted, that he would still be considered a passenger . . . . and the defendant would owe him a high or extraordinary degree of care to protect him. . . . He has the legal right to cross the track and go to his destination in safety, and the defendant was bound in the highest degree that he was exposed to no peril."

It is obvious that the situation in which the defendant was placed just before and at the moment he received this injury, while such as to require prudence on his part, at the same time imposed the duty of diligent attention upon the railway company to see that he received no injury from anything under its control. The conductor and motorman on the approaching car, seeing that the north-bound car had stopped at the crossing, were bound to know that passengers were alighting from or getting on it. If alighting, they might well have anticipated the possibility that they would come out from behind the car to cross the street, and in doing so would be put in peril by the approaching car, unless it was under

perfect control. That the care required of the plaintiff in error was proportioned to the danger more or less incident to the situation is obvious; but did the passenger relation between the common carrier and the defendant in error exist at the moment of the injury complained of, so that the law imposed in his favor upon the railway company the extraordinary degree of care required by this instruction?

On this question there is a conflict of authority, but we think the more reasonable view is that where a man who has traveled on a street car steps from the car upon the street, this terminates his relation and rights as passenger, and the railway company is not responsible to him as carrier for the condition of the street, or for his safe passage from the car to the sidewalk. Where a common carrier has the exclusive control or occupation of its tracks and stations, and can arrange and manage them as it sees fit, it may be properly held that a person intending to take passage upon, or leave, a train sustains the relation of a passenger in leaving or approaching the car at a station, but "one who steps from a street railway car to the street is not upon the premises of the railway company, but upon a public place, where he has the same rights with every other occupier, and over which the company has no control. His rights are those of a traveler upon the highway, and not of a passenger."

*Creamer* v. *West End Street Railway Co.*, 156 Mass., 320 (S. C., 32 A. S. R., 456).

If the limitation indicated in the foregoing paragraph was not adopted, it would be difficult to suggest one resting upon a satisfactory basis. Take the case at bar. If the passenger relation did not determine when the defendant safely alighted from the car, when would it end? Would it continue only while he was crossing the parallel track, or until he had reached a point of comparative safety on the far side of the street? Or if, after reaching the ground, he had directed his steps to the other side of the street, would it have continued until he had reached the pavement? We think that the Massachusetts Supreme Court was wise in adopting the rule that this relation terminated the moment the passenger descended to the street. This is a fixed point, free from all speculation or uncertainty.

In accord with this will be found the cases of *Central Railway Co.* v. *Peacock*, 69 Md., 257 (S. C., 9 A. S. R., 425); *Busby* v. *Phil. Traction Co.*, 126 Pa., St., 559 (S. C., 12 A. S. R., 919); *Platt* v. *Forty-second St., etc., Ry. Co.*, 4 T. & C. (N. Y.), 406.

We think the trial Judge was in error in announcing a different rule, and as this error may have materially affected the jury in their consideration of the case, we are constrained to reverse and remand for a new trial.