## Chicago Union Traction Company v. Isadore Rosenthal.

### Gen. No. 11,783.

1. VARIANCE—*when ground for reversal.* Where there appears a clear variance between material allegations and the proof which was by the defendant pointed out in due time, a reversal will follow.

2. PASSENGER—*when person does not cease to be.* Where a person is riding upon a street car in company with his infant child, he does not cease to be a passenger merely because he has alighted therefrom where he has not been afforded a reasonable time to assist and take from the car such infant child.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 20, 1905.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY of counsel.

CRATTY BROS., JARVIS & LATIMER, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action on the case by Isadore Rosenthal against appellant to recover damages for personal injuries alleged to have been received by him while a passenger on one of defendant's cars.

The declaration was in two counts. The first count alleged that on September 6, 1899, the defendant was operating a certain line of street railroad on Milwaukee avenue, in the city of Chicago, with trains of cars running thereon;

Chicago Union Traction Co. v. Rosenthal.

that the plaintiff became a passenger upon a certain car operated on said railroad line; and that while the plaintiff, with all reasonable care and caution, was about to alight therefrom, the defendant, through its servants, negligently and carelessly caused the car to be set in motion while the plaintiff was so alighting, whereby the plaintiff was thrown from the car to the ground and injured.    The second count alleged that the plaintiff became a passenger upon a certain car operated by the defendant, and that he had with him his daughter, a child four years of age; that while the plaintiff, with all reasonable care and caution, was attempting to alight from said car with his daughter, the defendant, through its servant or servants, negligently and carelessly caused the car to be set in motion, whereby the plaintiff was thrown to the ground and injured.    The plea was the general issue.

The evidence tended to prove that appellee, on September 6, 1899, accompanied by his child, aged four years, boarded a Milwaukee avenue cable car, belonging to and operated by appellant, at Robey street; that the car was an open one, with a foot-board on each side; that the child sat in the lap of a woman passenger; that when he reached Wood street, the place where he wished to alight, the car stopped and he stepped to the ground and immediately put his left foot on the foot-board (or put his right foot on the ground and kept his left foot on the foot-board, the evidence on this point being conflicting), and reached up to take his child; that while he was so doing the conductor rang the bell and the car started; that appellee, with the child in his left arm and with one foot on the foot-board and the other on the ground, hopped along for a short distance beside the moving car and was then thrown down or fell down, thereby receiving the injuries of which he complains.

The jury found appellant guilty and assessed the damages of appellee at the sum of $2,500.    The court compelled a remittitur of $1,000 from the verdict, and then entered a judgment for $1,500.    From that judgment the present appeal was perfected.

The sole contention of appellant is that we must reverse this case because of a substantial variance between the declaration and the proof; that each count of the declaration alleges the existence of the relation of carrier and passenger between the parties hereto at the time of the accident; and that the proof shows appellee had alighted from the car in safety and had ceased to be a passenger before he sustained the injuries of which he complains. This alleged variance was pointed out in apt time by appellant, at the close of the evidence for appellee. City of Mattoon v. Fallin, 113 Ill. 250; Myers v. Am. S. B. Co., 64 Ill. App. 188. If it exists, it is a fatal variance. The allegation that appellee was a passenger was a material allegation, and as such must have been proved before he could recover. C. & E. I. Ry. Co. v. Jennings, 190 Ill. 488; W. W. Ry. Co. v. Friedman, 146 Ill. 588. The plaintiff must prove his case as he alleges it. Lake St. El. Ry. Co. v. Shaw, 203 Ill. 42; W. C. St. Ry. Co. v. Kautz, 89 Ill. App. 309; Lake St. El. Ry. Co. v. Collins, *ante*, p. 270.

Appellant, to sustain its contention that appellee was not a passenger at the time he was injured, cites the following cases :

Allerton v. Boston & Maine Ry. Co., 146 Mass. 241. The deceased left the second or third car from the end of the train and walked along the platform and stood at the end of it. When the train she had alighted from pulled out, she stepped behind the last car and on to the other track and was there killed by a fast train coming from the opposite direction. The court say: "The plaintiff's intestate had ceased to be a passenger before the accident which caused her death. She had reached her destination, had alighted from the train, had taken a position upon the sidewalk of the highway, and thence had started to cross the track along the street, not on her way to the defendant's station, but to some other place she had in mind."

Creamer v. West End St. Ry. Co., 156 Mass. 320. The deceased left the car upon which he had been riding and started to cross the street to the sidewalk without looking

to see if the way was clear, when he was struck and killed by a car coming upon a parallel track. The court held that the street is in no sense a passenger station for the safety of which a street railway company is responsible. "When a passenger steps from the car upon the street, he becomes a traveller upon the highway, and terminates his relations as a passenger, and the railway company is not responsible to him as a carrier for the condition of the street, or for his safe passage from the car to the sidewalk."

Smith v. City Ry. Co. 29 Ore. 539. Appellant left the west-bound car upon which she was a passenger and walked around the rear of that car upon the second track, where she was struck and injured by an east-bound car. The court say: "The relation of passenger and carrier ceased when she alighted from the car, and thereafter the defendant owed her no other or different duty than it owed to any other ordinary traveller."

Buzby v. Philadelphia Traction Co. 126 Pa. St. 559. The plaintiff, a passenger upon a cable car, got out on the north side of the car where he was in safety. Without waiting for the car to move on, he went around the rear of the car and crossed to the second track, when he was struck and injured by another car going east. The court say: "The plaintiff had been carried to his destination, had alighted from the car in a place of safety, and his relation to the defendant as a passenger had ceased."

Platt v. 42nd St. Ry. Co., 4 Thompson & Cook, N. Y. 406. The plaintiff left the street car by the front platform, and when six or eight feet from the car in the street, was thrown down and injured by the car horses, which had been detached from the car after plaintiff had left it, and were turning round. The court say: "At the time when the accident occurred. plaintiff had ceased to be a passenger on the car of the defendant."

Harison v. Urbana, etc., Ry. Co., 75 Ill. App. 474. Plaintiff was struck by a servant of the defendant upon the street car on which plaintiff was then a passenger. After plaintiff had left the car, and was about twenty-five feet from it,

the servant again assaulted and beat him.    Plaintiff brought an action against the company for the wrong done him by its servant.    One count of the declaration set up the occurrence in the car, and in another that which took place on the street.    Each count set up the relation of carrier and passenger.    The court held that the evidence sustained the first count, but that there could be no recovery under the second.    " When the plaintiff in error arrived at his destination and safely alighted from the car on the public street, that then the contract of carrier and passenger was at an end."

W. C. St. Ry. Co. v. Walsh, 78 Ill. App. 595.    Appellant, who was a passenger on a horse car, alighted from the west side of the rear platform of the car and turned around the dashboard on the rear end of the car for the purpose of going to the east sidewalk.    Immediately after she stepped off the car moved on.    Northeast from the rear end of the car when it stopped stood four horses belonging to the company.    Otherwise the street was clear. Appellee in passing the horses was kicked by one of them. This court, speaking through Mr. Justice Adams, said : " When appellee alighted from the car, the car having stopped at a safe place at which to alight, the relation of appellant to her as a common carrier and its duty to her incident to such relation ceased."

It will be seen that in no one of these cases are the facts similar to those at bar.    In each instance it is clear that the contract relation which had existed between the parties was terminated before the injury complained of happened.    It is apparent that the party injured, before the accident happened, had stepped off the car, with the intent to abandon it, thus voluntarily severing the relationship which had existed between him and the common carrier.

Upon the assumption that appellee did get both feet upon the ground, and then immediately turned to take his child from the car, and before he could do so, the car started, thereby injuring him, the mere fact that he reached the street unhurt, did not end the relation of carrier and passen-

ger.   It is the law that a common carrier is bound to give a man who is travelling alone a reasonable time to alight from its car, and it is also the law that if he has his helpless child with him, it is under the same necessity of giving him a reasonable time to get off the car, and then to lift the child down from the car.   In this case appellant received appellee as a passenger, burdened with his child.   It therefore impliedly agreed with him to carry him thus burdened, to his destination, and to let him there alight with his child in safety.   Had appellee picked up the child and stepped off the car, with it in his arms, in safety, it might well be claimed that when he had cleared the car, the contract relation ceased.   But in that event this accident would not have happened, since no reason would then exist for his return to the car.   It was the duty of appellant in this case to stop at appellee's destination for a time long enough to permit him, in the exercise of reasonable diligence, either to step off the car with his child in his arms, or first to alight from the car and then to reach back into the car to get the child.   In so doing, appellee had the right, if necessary, to place one foot upon the foot-board.   To start the car carelessly, while he was in this position, was culpable negligence.   Every passenger upon a street car has the right to alight safely, and to see that the helpless or infirm on the car in his charge are also safely off the car.   Until he is permitted to do this, his contract relations with the carrier are not at an end.   This humane doctrine is approved in E. & T. H. Ry. Co. v. Athon, 6 Ind. App. 295, where the plaintiff was hurt while assisting his invalid daughter to alight; in L. & N. Ry. Co. v. Crunk, 119 Ind. 546, where one who was assisting an infirm man into the coach, was injured; and in Ormond v. Hayes, 60 Tex. 180, where a passenger met with an accident while assisting in the removal of his baggage from the train.   This court in W. C. St. Ry. Co. v. Waniata, 68 Ill. App. 481, where a child five years old was prevented from following its mother, with a babe in her arms, off the car, and got down next the adjoining track and was run over by the horses attached to

another of the defendant's cars, held the company liable, because it did not hold "its car until the deceased had a reasonable opportunity to get off in a place and in a manner that he would not be injured by a passing train drawing another car." See also, W. C. St. Ry. Co. v. Buckley, 102 Ill. App. 314.

Finding no variance in this case, we affirm the judgment of the Circuit Court.

*Affirmed.*