CHARLES SWANSON v. DULUTH STREET RAILWAY COMPANY.[1]

January 14, 1910.

Nos. 16,316—(147).

**Passenger Leaving Car — Contributory Negligence.**
    The plaintiff alighted at a street crossing from one of the defendant's cars, and passed behind the rear end of it to cross the street, when he was struck and injured by a car going in the opposite direction. *Held,* upon a consideration of the evidence, that the question of his contributory negligence was one of fact, and that it is sufficient to sustain the verdict in his favor.

Action in the district court for St. Louis county to recover $7,120 damages for injuries sustained while crossing the tracks after alight-

[1]Reported in 124 N. W. 219.

ing from one of defendant's cars. The case was tried before Cant, J., and a jury which rendered a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Thomas S. Wood*, for appellant.

*John Jenswold, Jr.*, for respondent.

START, C. J.

On the evening of November 19, 1908, the plaintiff was a passenger on one of defendant's street cars going west in the city of Duluth. He alighted from the car at about six o'clock, and passed behind it, while it was standing still, and started across the street toward his home, when he was struck by the fender of the defendant's car going east, whereby his leg was broken. He brought this action in the district court of the county of St. Louis to recover damages for his injuries. The basis of the action was the alleged negligence of the defendant in driving the east-bound car at a dangerous rate of speed while it was passing the standing car, from which passengers were alighting. He had a verdict for $1,000, and the defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The evidence was sufficient to sustain the finding of the jury that the defendant was guilty of negligence as claimed, and its only contention here is that upon the undisputed evidence the plaintiff was guilty of contributory negligence as a matter of law. The evidence shows that for a long time prior to the plaintiff's injury, the custom of the defendant, in operating its cars, had been that, where one car had stopped at a street crossing and was discharging and receiving passengers, any other car approaching from the opposite direction would stop when its forward end was flush with the rear end of the standing car; that the plaintiff knew of this custom at and before the time of his injury; and, further, that this custom, essential to the safety of persons alighting from street cars at a crossing, was not observed in this case.

It is claimed by the defendant that the plaintiff got off his car before it stopped, ran behind it, and upon the track on which the car ran

in the opposite direction, without looking or listening. The evidence was conflicting as to this claim, except that it is practically conclusive that the plaintiff did not stop, look and listen before attempting to step upon the track of the east-bound car. The plaintiff gave testimony tending to show, in effect, that his car stopped just as he stepped from it, that he walked behind it, and that it was then standing still, and as he passed to the rear of it, and was about to step upon the east-bound track, he saw, for the first time, the car going east, but before he could step back he was struck by the corner of the fender on the car and injured. He heard no signals.

It is true that this testimony conflicts with that of other witnesses, but the question of their credibility was for the jury. We must, then, for the purpose of determining whether the plaintiff was as a matter of law guilty of contributory negligence, take the most favorable view of the evidence for him which is permissible. So considering the evidence, we find it sufficient to sustain a finding by the jury of the facts following: It was the custom of the defendant, when one of its street cars stopped at a street crossing to receive and discharge passengers, that any other car approaching from the opposite direction would stop when its forward end was flush with the rear end of the standing car; that the plaintiff, knowing of this custom, alighted from his car as it stopped, and walked behind it, while it was standing still, for the purpose of crossing the street, without stopping to look or listen; that as he was in the act of stepping upon the track upon which cars going in the opposite direction ran he was struck by the corner of the fender of the car, which in violation of the custom was running past the standing car at its usual rate of speed.

The law applicable to such a state of facts is well settled in this jurisdiction, whatever it may be elsewhere. "The general rule is that the same care or watchfulness is not required in crossing a street car track as in crossing a railway track. * * * More specifically, persons crossing street railway tracks in a city are [not] obliged to stop, as well as look and listen, before crossing such tracks, unless there is some circumstance which would make that ordinarily prudent. * * * There is no presumption of contributory negligence. The burden is on the defendant to prove it. Whether defend-

ant has borne the burden is ordinarily a question for the jury." Bremer v. St. Paul City Ry. Co., 107 Minn. 326, 333, 120 N. W. 382, 21 L. R. A. (N. S.) 887.

The custom of the defendant to stop the car going in the opposite direction before passing a car which was discharging and receiving passengers, the plaintiff's knowledge of the custom, and the defendant's violation of it are important, but not necessarily controlling, facts in the solution of the question whether the plaintiff was guilty of contributory negligence as a matter of law. We are of the opinion that the question as to the plaintiff's alleged contributory negligence in this case was one of fact, that it was properly submitted to the jury, and that the evidence is sufficient to sustain their verdict.

Order affirmed.

JAGGARD, J. (dissenting).

I respectfully dissent. The plaintiff and defendant both had rights to use the street. Both were bound to take care with respect to the other. The default of one did not dispense with the use of ordinary care by the other. Bremer v. St. Paul City Ry. Co., 107 Minn. 326, 120 N. W. 384, 21 L. R. A. (N. S.) 887.

The facts in this case differ substantially from those in Bremer v. St. Paul City Ry. Co., supra. Plaintiff was a young man; Mrs. Bremer was a very elderly lady. A fellow passenger had preceded Mrs. Bremer in crossing the track, and it was a question of fact whether, and to what extent, this was an assurance of safety to her. This circumstance was absent in the case at bar. The Bremer case occurred in daylight; this at night. The car of defendant had a headlight which threw a strong light over the track, which plaintiff in the exercise of ordinary care ought to have seen. See Creamer v. West End, 156 Mass. 320, 31 N. E. 391, 16 L. R. A. 490, 32 Am. St. 456; Morice v. Milwaukee, 129 Wis. 529, 109 N. W. 567. Defendant had properly required its motormen to regulate the speed of the car. This was in the exercise of adequate care; defendant should not be penalized therefor. That fact did not destroy the right to concurrently use the street. It did not constitute a trap to deceive the public, or relieve the passenger from the duty of exercising care under the circumstances.