## Della Stewart, Appellee, v. East St. Louis Railway Company, Appellant.

1. COMMON CARRIERS—*duty to alighting passenger.* If a street railway company stops a car at a crossing which is a reasonably safe place for a passenger to alight and such passenger alights safely and leaves the car, such company has performed its full duty and is not responsible for injuries received, when afterward the passenger falls into an open sewer.

2. COMMON CARRIERS—*duty to stop cars at usual place.* Though a street is covered with water making it necessary for passengers

alighting from street cars to wade through it to reach the sidewalk, such condition, if reasonably safe, does not relieve the street railway company from its duty to stop its car at the usual place to discharge or receive passengers.

3. COMMON CARRIERS—*evidence.* A declaration charging that a street railway company negligently stopped its car a few feet from a crossing, that the street was unsafe because of the presence of piles of brick and holes filled with water, and that the plaintiff in alighting, fell against piles of brick and into an open sewer, is not supported where the weight of the evidence showed that the car stopped at the street intersection which was reasonably safe, that plaintiff alighted safely, and that the accident happened a few feet east of the crossing after she had taken several steps.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed June 27, 1912.

BARTHEL, FARMER & KLINGEL, for appellant.

DAN McGLYNN, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action by appellee to recover damages alleged to have resulted to her by reason of the negligence of appellant in discharging her from one of its cars in the City of East St. Louis. It was charged in the declaration that on and immediately east of the line of Sixteenth street where the same intersects and crosses Cleveland avenue between the south track of appellant and the south curb of said avenue, for some distance east of said intersection was a dangerous and unsafe place for a person to alight from cars going in an easterly direction by reason of the rough and uneven surface of the ground, and the presence of large quantities of paving brick thrown about in irregular piles, and because also of the presence of an open sewer and a large pool of water at said place which said dangerous conditions were or might have been known to appellant by the exercise of reasonable care.

It was further charged that appellant negligently stopped the car east of the easterly line of Sixteenth street at said intersection and at a place where Cleveland avenue was rough and uneven and where quantities of paving brick were thrown about loosely in piles and where said open sewer and a large pool of water existed so that appellee with due care and without notice of the conditions after alighting from said car and while endeavoring to get off of Cleveland avenue, onto the sidewalk, fell against such loose brick and into said open sewer and pool of water whereby she was injured.

Appellee at about eleven o'clock on the night of the accident became a passenger on one of the electric cars of appellant running on Cleveland avenue, to be carried to Sixteenth street which intersects Cleveland avenue. There had been during the evening a heavy fall of rain which had filled the sewers and gutters to overflowing, and covered the streets with water. Appellee was accompanied by her husband. The car was going east and it was the custom for cars to stop on the far side of the street crossing to receive and discharge passengers. Cleveland avenue was paved up to the west side of the Sixteenth street crossing but from there easterly there was no pavement between appellant's tracks and the curb of the street. Appellant's tracks were being paved and it had distributed piles of loose bricks along the south side of and near its tracks for that purpose. There were no bricks piled on the crossing used by pedestrians on Sixteenth street over Cleveland avenue. Appellee notified the conductor of the car that she desired to alight at Sixteenth street. The car stopped, she and her husband and some other passengers alighted. Appellee fell into a hole of water in the street and appellant's liability for the injuries she claims to have sustained by the fall, depends upon whether the breach of duty charged in the declaration has been fairly established by the

evidence. The crossing for foot passengers on the far or east side of Sixteenth street not being paved, a number of bricks had been taken from the piles by persons not connected with appellant and placed on the crossing at intervals to serve as stepping stones to pedestrians crossing over the street. There were no piles of brick as an obstacle to foot travel on the crossing. There was no hole of water on the crossing, and if appellant stopped the car on the crossing and it was a reasonably safe place for appellee to alight and she alighted safely and left the car, appellant had performed its full duty to appellee and it is not responsible for an accident that befell her on the street in falling into one of the city's sewers. All the witnesses agree there had been an unusually heavy rain and that the surface of the ground at the crossing and all the country around was under water. Assuming the street was covered with water so it was necessary to wade through it to reach the sidewalk, this condition of itself if reasonably safe did not relieve appellant from the duty to stop its car at the usual place for passengers to alight or to get aboard. Appellee claims to have fallen and slipped into the hole of water just as she was removing her left foot from the car, her right foot resting on bricks or a rock, and that the car stopped on the east side of the crossing, and her husband testified the car stopped six or eight feet east of Sixteenth street. The manifest weight of the evidence shows she fell into the open sewer next the curb on the south side of the street and just east of the crossing, and that she took several steps before she reached the place and that the edge of the sewer was ten feet from the nearest rail in the track as shown by actual measurements. The decided weight of the testimony as shown not only by witnesses introduced by appellant but also by witnesses introduced by appellee is that the rear end of the car stopped on the crossing exactly at the place where it was appellant's duty to stop and appellee alighted from it there. The evi-

dence does not fairly prove the charge of negligence in the declaration but the great preponderance of it does show that appellant violated no duty it owed appellee as a passenger. It shows she alighted at the proper place safely and that her misfortune came to her after she ceased to be a passenger, and was one for which appellant is in no wise responsible.

"The relation of carrier and passenger with respect to a passenger on a street car does not continue during his passage to the sidewalk after he leaves the car, (West Chi. St. Rwy. v. Walsh, 78 App. 599; Chat. El. R. R. v. Boddy, 105 Tenn. 666, 51 L. R. A. 885; Creamer v. West End Street R. Co., 156 Mass. 320.)

It is not necessary to consider other errors assigned. The judgment is reversed and the cause remanded.

*Reversed and remanded.*