## PASSENGER AFTER ALIGHTING STRUCK BY CAR ON PARALLEL TRACK.

Common Pleas Court of Hamilton County.

ANNA RUDIN, A MINOR, v. THE CINCINNATI TRACTION CO.; AND MAX RUDIN v. THE CINCINNATI TRACTION CO.

Decided, December 1, 1915.

*Negligence—Degree of Care Required by Traction Company—As to Safety of One Who Has Alighted and is Attempting to Cross Parallel Track—Charge to Jury Must be Considered as a Whole— Instructions as to Contributory Negligence.*

1. A street car company is required to exercise only ordinary care toward persons who have left the car and are proceeding to cross a parallel track. The relationship of carrier and passenger ceases after the passenger has alighted in safety.
2. A charge defining contributory negligence and directing the jury to apply the definition in the event of finding a given state of facts is not withdrawing the question from the consideration of the jury.

*Nelson & Hickenlooper* and *J. E. Rappoport,* for plaintiff.
*Kittredge, Wilby & Stewart,* contra.

MAY, J.

The two cases, that of Anna Rudin, a minor, an action for personal injuries, and Max Rudin, her father, for loss of services, against the Cincinnati Traction Company, were tried as one case, and the jury found for defendant returning two verdicts. Motions for new trials were filed in each case.

Anna Rudin got off an outbound car and in passing behind the car to cross the parallel track was injured by an inbound car.

The verdict is not manifestly against the weight of the evidence; in fact the evidence was conflicting, and if there are no prejudicial errors of law the motions should be overruled.

The plaintiffs have filed a voluminous brief in support of the motions for a new trial. In deference to the earnestness of counsel, I shall consider every point urged.

I. "The court erred in instructing the jury upon the question of contributory negligence," because the answer was a general denial.

In view of the decision of the Supreme Court in *Rayland Coal Co. v. McFadden, Admr.,* 90 Ohio St., 183, at page 194:

"When the evidence on the trial develops a situation in which it is disclosed that the claims of neither of the parties as stated in their pleadings as to proximate cause have been sustained, but that both have been negligent in such essential matters as combined to be the proximate cause of the injury, then *it is the duty of the court to instruct the jury as to the law touching the situation so developed.*"

It is unnecessary to discuss this point of error. In fact, under both the Forrest case, 73 Ohio St., 1, and the Stephens case, 75 Ohio St., 171, if contributory negligence is raised either by the pleadings *or* the evidence, a charge on that issue is not erroneous.

II. "The court erred in defining the relative duties of plaintiff and defendant."

"(a). The defendant company owed more than ordinary care toward the plaintiff who had just left the car and was about to cross over the parallel track; in fact, as the plaintiff was still a passenger the defendant company owed 'the highest degree of care.'"

This is not the law in Ohio or anywhere outside of Kentucky. In the Snell case, 54 Ohio St., 197, the Supreme Court said:

"When a street railway company operating a double track road discharges a passenger at a street crossing, having reason to know that such passenger in order to reach his destination must cross its tracks, it is the duty of such company to regard the rights of the passenger while on the crossing and to so control the speed of the cars on its tracks and give such warning of their approach as will *reasonably* protect the passenger from injury."

This can only mean that ordinary care is required of the carrier at that time. The relationship of carrier and passenger, as

far as the degree of care required of the carrier is concerned, has ceased when the passenger has alighted in safety. On this point see the following cases: *Chattanooga Electric Ry. Co.* v. *Broddy,* 105 Tenn., 666; *Creamer* v. *West End Ry. Co.,* 156 Mass., 320; also *1 Nellis Street Railways,* Section 261.

The law was fully covered in the special charge given at the request of the plaintiff and repeated on page six, paragraph two, of the general charge.

(b)   "It will be observed that nowhere in the charge is the plaintiff's duty described as an obligation to make such use of her faculties as a person of ordinary care would make for her protection, but, on the contrary, the charge as given is subject only to the interpretation that ordinary care required that plaintiff should, at her peril, make such use of her faculties," etc.

In answer to this complaint it is sufficient to quote the forcible language of Swing, J., of our circuit court, in *Curry* v. *Cincinnati,* 12 C. C., 736, at 739:

"The charge should be read as a whole and the parts harmonized if possible. It will not do to fish out a clause here and another clause there in a charge and give them independent meaning, when, taken in connection with other parts of the charge, there would have been a different meaning."

See also *Ohio-Indiana Torpedo Co.* v. *Fishburn,* 61 Ohio St., 608, fifth syllabus.

What is the result of applying this test to the charge?

On page four, paragraph three, it is said: "Now ordinary care, gentlemen, and that is the *degree of care which is required in this case of both the plaintiff and the defendant.*" Page five, paragraph two: "*Now the plaintiff on her part must also exercise ordinary care.*" Again on page six, paragraph three, * * * "*but a duty rests upon the car company and the pedestrians to do what ordinary care and prudence under the circumstances would require them to do to avoid injuring each*

*other.''* Again, at end of page seven: "If the plaintiff * * * in other words, did not exercise such ordinary care as an ordinarily prudent and reasonable person," etc.  But it is needless to quote further on this point.

III.  "The charge is misleading as to necessity of contributory negligence being a proximate cause."

Under this head counsel complain that the court here and there omitted after the words "contributory negligence" or "plaintiff's negligence" the words "directly" or "indirectly."

The cases cited above, 61 Ohio St., 608, fifth syllabus, and Swing, J., in 12 C. C., 736, at 739, apply with more force to this "fine comb" (I am quoting plaintiff's counsel's own statement made upon the argument) criticism.  Let the charge speak for itself.

In defendant's special charge, speaking of the plaintiff's negligence, these words were used: *"And that the negligence of both directly contributed to and caused the injury complained of in plaintiff's petition."*  And in the general charge, at the end of the second paragraph on page seven this language is used: "And that caused the accident, *and the plaintiff herself was without fault on her part directly contributing to the injury."*  Again at the head of page eight: *"And her (plaintiff's) act directly contributed to bring about the result * * * where both parties are negligent and the negligence of both combined to produce an accident."*  Again on page ten, paragraph two, speaking of the father's right of recovery for loss of service, it is said: "If you should find that there was negligence on the part of the defendant and *no negligence on part of the plaintiff directly contributing to the accident."*

If the jury were misled on the question of direct cause, it can not be attributed to the absence of the word "directly" from the charge.

IV.  "The court erred in charging upon burden of proof."

Again counsel's "fine comb" is brought into use:

"The court falls into the error of directing the jury to weigh the evidence of one 'side,' the plaintiff or defendant, against the other 'side,' instead of weighing the evidence supporting one 'issue' against conflicting evidence."

Surely a charge, not even a noble Barbary steed, was ever curried so fine. Bring forth the charge. There it stands unhitched on pages 10 and 11:

"It (burden of proof, preponderance of evidence, greater weight of evidence, or what you will) means, if upon weighing *all the evidence in the case, the side* that has the burden outweighs the *side* that does not have the burden, then the *side* that has the burden has sustained the *issue*. And if, upon weighing *all the evidence* in the case *the side* that has the burden merely balances the side that does not have the burden, then the side that has the burden has not sustained it," etc.

In order to construe the direction "to weigh *all the evidence in the case*" into a direction "to weigh the evidence of one 'side' against the other 'side,'" requires strong twisters, not a "fine comb." Not even *Cincinnati Traction Co.* v. *Ruthman*, 13 C.C.(N.S.), 161, at 162, can accomplish this remarkable linguistic feat.

I have thus far considered seven pages of the plaintiff's brief. Five still remain. All of these are devoted to the consideration of the second special charge given on behalf of the defendant, the giving of which it is claimed was error.

That charge reads:

"If the jury should find from the evidence that the plaintiff, Anna Rudin, attempted to cross Gilbert avenue directly behind an out-bound car and *after passing* the back of said out-bound car did *nothing* to inform herself as to whether a car might not be approaching from the opposite direction on the track which she intended to cross, but stepped immediately in the way of the approaching car so that it was impossible for the motorman to have stopped the car and to have avoided the accident, the jury should find for the defendant."

It is contended that this charge is equivalent to directing a verdict for the defendant.

There are several answers to this: the first is that at the close of the plaintiff's case, the court overruled the defendant's motion for a directed verdict, and at the close of all the evidence the motion then renewed was overruled a second time.

This direction was equivalent to defining contributory negligence. It merely stated that if a person situated as the plaintiff was did nothing to look after her safety, then she was negligent in such a manner that notwithstanding the defendant's negligence she can not recover.

If the facts were "undisputed," as counsel intimate in their brief (page eight), then the court erred in not directing a verdict at the close of all the evidence.

Snell case, 54 Ohio St., 197, at page 201:

"If the plaintiff's conduct, as shown by the undisputed facts, left no rational inference but that of negligence, then the ruling (directing a verdict) was right; but if the question of contributory negligence depended upon a variety of circumstances from which different minds might arrive at different conclusions as to whether there was negligence or not, then the ruling (directing a verdict) was wrong."

Therefore, the court, in accordance with this decision and the decision in the Brandon case, 87 Ohio St., 187, and the Gibbs case, 88 Ohio St., 34, submitted to the jury the question: "Did the plaintiff do anything to inform herself," *i. e.,* "If she did nothing" she was negligent and can not recover.

In this state it is still the function of the court to give the law to the jury, provided, of course, the law as given is sound.

In *Traction Company* v. *Johnson,* 13 C.C.(N.S.), at 435, our circuit court used the following language in commenting on a similar charge:

"It seems to us immaterial whether the plaintiff was passing over a crossing or between crossings, as he would not in either case be exercising care if he did nothing to inform himself as to whether a car might not be approaching."

See also, *Railway Co.* v. *Wadsworth,* 1 C.C.(N.S.), 483, affirmed without report in 70 Ohio St., 432.

If this opinion is of undue length, it is solely because it was necessary to answer in detail "the numerous errors of law in the trial of the case."

Believing that there were no errors of law prejudicial to the plaintiff's rights, the motions for a new trial are overruled