# FANNIE E. HALEY, Appellant, v. ST. LOUIS TRANSIT COMPANY.

### Division One, December 23, 1903.

1. **Negligence: PASSENGER ON STREET CAR: SUBSEQUENT INJURY ON SIDEWALK: PROXIMATE CAUSE.** A street railway was guilty of negligence in failing to stop the car on which plaintiff was a passenger at the street where she wished to alight to go to her home, according to her signal twice properly and timely given. *Held,* that this negligence was not the proximate cause of the subsequent injuries she received from a fall while walking on the sidewalk between the place she alighted and her home, the sidewalk being covered with ice and snow.

2. ———: ———: ———: ———: CONNECTING LINK. There must be an unbroken connection between the wrongful act of defendant and the injury to plaintiff, to support the claim that the one was the proximate cause of the other.

3. ———: ———: WANTON WRONG. A failure of a defendant street railway to stop the car in obedience to the signal of a passenger at the street nearest her residence, is not an act of negligence amounting to a wanton wrong.

4. ———: ———: FORESEEING ACCIDENT. A street railway can not be charged with the injury to a passenger who left its car in safety after having been carried beyond the point where by her signal she desired to alight, and who subsequently on her way to her home was injured by falling on a slippery sidewalk covered with ice and snow, unless such act and the subsequent injury ought to have been foreseen by its servants in charge of the car as the probable consequence of her walking thereon with due care. And if the natural and usual sequence of a person of ordinary prudence walking on such sidewalk at such a time was not such an accident, and the passenger was an adult in good physical condition, there was nothing in the circumstances which required the servants in charge of the car to foresee that the probable consequence of her walking there would be a fall and injury to her.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

AFFIRMED.

*Lyon & Swarts* and *Charles M. Polk* for appellant.

Appellant, as a passenger on the respondent's car, was entitled to be carried to her destination in safety, and to be given a reasonable opportunity there to alight in safety, and if she was carried beyond her destination by the carelessness and negligence of the respondent or its agents, to a point in returning from which to her destination she encountered obstructions and dangers, and thereby sustained injuries, the respondent is liable to her for such injuries, provided she exercised reasonable care and prudence for her own safety in returning to her destination; and it was a question of fact for the jury to determine whether or not appellant exercised such care as an ordinarily prudent person would have exercised under the circumstances. Evans v. Railroad, 11 Mo. App. 463; Winkler v. Railroad, 21 Mo. App. 99; Warden v. Railroad, 35 Mo. App. 631; Strange v. Railroad, 61 Mo. App. 586; Spry v. Railroad, 73 Mo. App. 203; Hicks v. Railroad, 68 Mo. 329; Adams v. Railroad, 100 Mo. 555; Railroad v. Lockhart, 79 Ala. 315; Railroad v. Dancy, 97 Ala. 338; Light & Power Co. v. Nolan (Ala.), 32 So. 715; Caldwell v. Railroad, 89 Ga. 550; Railroad v. Kyte, 6 Ind. App. 52; Railroad v. Cayce (Ky.), 34 S. W. 896; Light & Power Co. v. Lowry, 79 Miss. 431; Foss v. Railroad, 65 N. H. 256; Weed v. Railroad, 17 N. Y. 362; Samuels v. Railroad, 35 S. C. 493; Railroad v. Terry, 62 Tex. 380; Railroad v. Crispi, 73 Tex. 236; Railroad v. Ricketts (Tex.), 70 S. W. 315; Railroad v. Smith (Tex.), 32 S. W. 710; Railroad v. Hennessy (Tex.), 49 S. W. 917; Henry v. Railroad (Wash.), 64 Pac. 137; Sievers v. Nav. Co., 24 Wash. 302; Brown v. Railroad, 54 Wis. 342; Fordyce v. Dillingham (Tex.), 23 S. W. 550.

*Geo. W. Easley* with *Boyle, Priest & Lehmann* for respondent.

The fact that defendant carried the plaintiff one block beyond her intended destination, and that she alighted from the car and, after reaching the sidewalk, slipped upon snow and ice and fell and was injured, does not authorize a recovery. There was no causal connection between defendant's failure to stop the car at Garrison avenue, and the plaintiff's injuries. The plaintiff's injuries were not the "direct and immediate consequence" of carrying her past Garrison avenue. Sira v. Railroad, 115 Mo. 138; Haley's Admr. v. Railroad, 21 Iowa 15; Railroad v. Rose, 11 Neb. 177. The sidewalk was no more dangerous to plaintiff than to any others passing over it, and her fall bore no causal relation to her having been carried past Garrison avenue, and can not be said to have been the proximate cause of her injury. Railroad v. Johnson, 92 Ala. 204; Moak's Underhill on Torts, 16; Cooley on Torts, 73; Addison on Torts, 40; Wharton on Negligence, 138; Phillips v. Dickerson, 85 Ill. 11; McClellan v. Railroad, 94 Ind. 276; Morrison v. Davis, 20 Pa. St. 171; McCleary v. Railroad, 3 Neb. 44; Bosch v. Railroad, 44 Iowa 402; Brown v. Railroad, 20 Mo. App. 222; Francis v. Transfer Co., 5 Mo. App. 7; Henry v. Railroad, 76 Mo. 288; Ashley v. Harrison, 1 Esp. 49; Railroad v. Staley, 40 Ohio St. 118; Linfin v. Lowry, 34 N. W. 22; Shurtleff v. Parker, 130 Mass. 293; Ward v. Weed, 7 Bingh. 211; Alexander v. Town of Carlisle, 17 N. E. 200; Barton v. Agricultural Society, Albany Law Journal (Wis.) 371.

BRACE, P. J.—This is an action for damages for personal injuries sustained by the plaintiff in consequence of a fall upon a sidewalk in the city of St. Louis.

The defendant objected to the introduction of any evidence under the petition on the ground that it did

not state facts sufficient to constitute a cause of action. The objection was overruled, and evidence introduced by plaintiff, at the close of which, the court at the request of the defendant instructed the jury "that under the pleadings and the evidence in this case the plaintiff is not entitled to recover and your verdict must be for the defendant." Thereupon plaintiff took a nonsuit with leave and thereafter, her motion to set the same aside duly filed, having been overruled, she appealed, and assigns for error the giving of defendant's instruction in the nature of a demurrer to the evidence.

The case made by the plaintiff's evidence is substantially as follows:

The plaintiff at the time of the injury was a dressmaker, sixty years of age, weighing 170 pounds, and resided at 1017 North Garrison avenue—the southwest corner of Garrison and Easton avenue. She was in perfect health, and in the language of one of her witnesses, "was robust, tall, proud, well dressed, had style about her, and earned two dollars a day making dresses." On the 30th of December, 1899, about ten o'clock at night, the plaintiff boarded the west-bound Easton avenue car of the defendant at the crossing of Eighteenth street and Franklin avenue, for the purpose of returning to her home at the southwest corner of Garrison and Easton avenues. As the car was approaching Garrison avenue, where she desired to alight, she pushed the button and rang the bell twice, once before the car reached the street next east of Garrison avenue, and again when the car was a short distance east of Garrison avenue, but the car did not stop until it reached the next street, Cardinal avenue, one block west of Garrison avenue. When the car stopped she went to the door, "fussed" with the conductor, who was on the platform outside, for not stopping, got off the car on the north side, went to the north sidewalk of Easton avenue, and was walking east toward Garrison avenue and her

home, on that sidewalk, when she fell and thereby sustained "an intra-capular fracture of the femur or a broken bone of the neck of the hip." The injury is serious and permanent.

It further appeared from the plaintiff's evidence that on the 30th of December, 1899, the maximum temperature in St. Louis was 13, the minimum 7, and that there was a half inch of snow on the ground that evening, and the weather clear. That the snow fell principally on December 27th, on which day the fall was one and three-tenths inches. That the snow storm on the 27th of December was general throughout the city, and there was no snow fall after 10:35 a. m. of that day. That the maximum temperature on that day was 24, and the minimum 18, and on the 28th the maximum was 26, and the minimum 15, and on the 29th the maximum was 19 and the minimum 11. The evidence further tended to show that the night of the 30th of December, although clear, was dark, that there was more light at the Garrison avenue crossing than there was at the Cardinal avenue crossing. That the sidewalk on which plaintiff was walking was covered with snow and ice, was slippery, was shaded by trees growing thereon, and that the stores along it were all closed, and that such was the condition at the place where she fell, which was about half way between the two streets.

The evidence for the plaintiff made a prima facie case of negligence against the defendant, in that its servants failed to stop the car at Garrison avenue in compliance with plaintiff's timely signal therefor, given in the manner and by the means provided by the defendant for that purpose, and the only question presented by the record is: Was such negligence the proximate cause of the injuries for which she seeks to recover damages in this action? The learned counsel for the plaintiff contend, that it should be so held, and cite many cases in support of this contention. We have carefully examined all of these cases and find that each

of them is easily distinguishable from this case; and have found none in which a defendant has been held liable in circumstances like those of the case in hand. As was said by Mr. Justice MILLER in Insurance Co. v. Tweed, 7 Wall. 44 1. c. 52, "It would be an unprofitable labor to enter into an examination of these cases. If we could deduce from them the best possible expression of the rule, it would remain after all to decide each case largely upon the special facts belonging to it, and often upon the very nicest discriminations."

In the opinion of Mr. Justice STRONG in Railroad v. Kellogg, 94 U. S. 469, 1. c. 475, may be found, perhaps, as brief and yet as comprehensive an expression of the rule as can well be given. The learned justice there says: "The question always is, was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held, that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." There was no wanton wrong in this case. The negligence consisted simply in a failure to stop the car in obedience to the plaintiff's signal at the crossing nearest to her residence, in consequence of which she was carried to the next crossing, one block further west, where of her own volition she left the car in safety. This was the negligence and the immediate and proximate consequence thereof. The plaintiff after safely alighting at the crossing, in returning to the crossing at which she intended to alight, fell on the sidewalk leading from the one to the other; the

injuries she received were the result of such fall.    The
evidence tended to prove that the immediate cause of
her fall was the slippery condition of the sidewalk, and
that condition may be said to have been the proximate
cause of her injuries, and thus the causal connection be-
tween the negligence complained of and the injury re-
ceived was broken by the independent and voluntary
act of the plaintiff, in leaving the car at the crossing
one block west of the crossing where she intended to
alight.    Even if we can go back of the slippery condi-
tion of the sidewalk, which was the immediate cause of
the injury, to that voluntary act of the plaintiff must the
injury be attributed, unless such act and the injury re-
sulting therefrom, was the probable consequence of the
negligent act of the defendant, and ought to have been
foreseen by its servants in the light of the attending cir-
cumstances. It may be conceded that the act of the plain-
tiff in getting off at the next crossing, and in returning
by the sidewalk towards the crossing which had been
passed were probable consequences of the negligence of
defendant in failing to stop the car at the crossing for
which she signaled, which ought to have been foreseen.
But it does not at all follow that the accident which be-
fell the plaintiff, was one which in the light of the at-
tending circumstances ought to have been foreseen by
defendant's servants as a probable consequence of
plaintiff's walking thereon with due and proper care.
Such an accident was not the natural and usual sequence
of such a walk under such circumstances.    The natural
and usual sequence of the walk of an ordinarily pru-
dent adult person in perfect health and of a robust con-
stitution as plaintiff was, whether that walk be long or
short, whether by day or night, whether in weather cold
or hot, on the improved sidewalks of a city in good re-
pair, in its much traveled thoroughfare, as this sidewalk
was, is that such person safely arrives at his destina-
tion.    Persons sometimes fall on these sidewalks and
are injured, but these are unusual and extraordinary oc-

currences not to be expected or foreseen. If the sidewalk is defective so as not to be reasonably safe, by which a pedestrian thereon in the exercise of due care is injured, the city is liable for damages. If he is injured by obstructions or dangers created therein by another, such other person is liable therefor, and the city may become liable also. But in neither event is the pedestrian thereon, nor he who may have caused him to become such, in fault. The defendant in this case was charged with no other or different duty in regard to the sidewalk in question than was the plaintiff herself. The fact that by reason of climatic conditions, or other natural causes, the sidewalk may have been in a less safe condition than usual, in no way changes the relative rights, duties or obligations of the parties. Such conditions only impose the necessity of being more cautious when walking thereon. Pedestrians exercising due care sometimes fall and are injured while walking on the public sidewalks under such conditions, but such occurrences are unusual and extraordinary and not to be anticipated or foreseen.

For support of their contention plaintiff's counsel seem to rely more upon the *dicta* contained in some of the opinions in the cases cited than upon the facts in judgment in those cases. Most of them are steam railroad cases, in which, in violation of the carrier's contract, the passenger was put off the car on the carrier's track, in a dangerous situation from which his injuries directly resulted, or at a distance from his destination, which he could only reach by pursuance of a dangerous way on or along its tracks, and in which was located a peril known to the carrier, and which the passenger must encounter, and from which his injuries resulted. We find no difficulty in differentiating the case in hand from all the cases cited, on the facts in each, and only on the facts in each case can the *dicta* in each be fully appreciated and rightly understood. We have neither time nor space for an adequate review of all those cases, nor do

we deem it necessary, since no better rule could be deduced therefrom on the vexed question of proximate cause, as applicable to the facts in this case, than that already laid down and under which it seems evident that defendant's negligence was not the proximate cause of plaintiff's injury.

The judgment of the circuit court is affirmed.    All concur.