MARY ROBERTSON v. WEST JERSEY AND SEASHORE RAIL-
ROAD COMPANY.

Submitted July 2, 1909—Decided November 8, 1909.

1. The uncontradicted evidence showed that a passenger on a trolley
   car was carried past the street corner at which she notified the
   conductor to stop, but voluntarily alighted from the car safely
   at the next corner in the snow where it was not slippery, and
   then walked "a good piece" on a cross street to a place where
   there was smooth ice, and there slipped and fell, sustaining in-
   juries. *Held*, that the company's negligence in failing to stop the
   car at the place where requested was not the proximate cause of
   the injury, nor was the fall such probable consequence of such
   negligent act that the defendant ought to have foreseen it.
2. The duty of a carrier to exercise due care for the safety of
   a passenger continues only while the relation of passenger and
   carrier exists. When a passenger on a street car has safely
   alighted therefrom upon a public highway, provided the place is a
   reasonably safe and proper one for that purpose, this relation
   ceases, and with it the duty.

On appeal from the District Court of Atlantic City.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff, *Lee F. Washington.*

For the defendant, *Bourgeois & Sooy.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the District Court
of Atlantic City. The plaintiff, who brought suit to recover
damages for personal injuries, became a passenger on the de-
fendant's car in the city of Atlantic City, as she alleges in
her state of demand, to be carried to Mediterranean avenue,
but the defendant, by its negligence in stopping the car,
carried the plaintiff past Mediterranean avenue (at which
place she could have safely alighted) to the corner of Drexel
avenue; that the place where the defendant stopped the car

was covered with ice and snow, and that the plaintiff in trying to find her way to New Hampshire avenue slipped and fell on the ice on Drexel avenue, outside of the defendant's right of way, and fractured her wrist.

The case was tried by a jury and the entire testimony has been sent to this court. The plaintiff describes the accident as follows:

"I thought I would get off at the next corner. Stop there." "The train was still going and the conductor was standing alongside of me." (Line 25). "He let me out very carefully, and I put my feet in the mark of the feet which were all around in the snow." (Line 28). "It seemed to be soft, then I went on to Drexel avenue to make my way. I seen the ice. I wasn't afraid of that, because for many days I walked on it, so I went along. It became—I says, 'It's dreadful walking here. I got on and got to the place where it was like ice—thick plate glass.' *Q.* Smooth? *A.* Smooth as glass. I says, 'My, I am afraid I will fall here,' and I was afraid to move one way or the other, and that's all I remember."

It appears that she had walked on Drexel avenue before falling, as she described it, "a good piece." She could not tell how far, but it might have been a quarter of a block. She further testified that when she first stepped out she got her feet in the snow. It was not slippery there as it was later on. The snow was soft and she put her feet in it. She didn't find the ice until she had gotten some distance; just as soon as she got on the avenue she found the ground was frozen and hard. She made no objection to alighting at Drexel avenue, and the conductor made no suggestion to her that she should alight there. A motion was made to nonsuit, which was refused.

The only act of negligence attributed by the plaintiff to the defendant was the failure to stop the car at Mediterranean avenue. Was that act the proximate cause of the injury to the plaintiff, and was her fall a consequence of such act which ought to have been foreseen by the defendant as a probable consequence? We do not think it was.

*Haley* v. *St. Louis Transit Co.,* 179 *Mo.* 30, also reported in 64 *L. R. A.* 295, upholding this view of the law, involves strikingly similar facts.

Nor can it be said that the defendant owed a duty to the plaintiff after she had voluntarily alighted from the car and had been safely set down at a place in the public highway, which her testimony shows was not dangerous nor an improper one for that purpose. The duty of a carrier to exercise due care for the safety of a passenger continues only while the relation of passenger and carrier exists. When a passenger on a street car has safely alighted therefrom upon a public highway, provided the place is a reasonably safe and proper one for that purpose, this relation ceases, and with it the duty.

In *Creamer* v. *West End Street Railway Co.,* 156 *Mass.* 320, the court said: "The street is in no sense a passenger station for the safety of which a street railway company is responsible. When a passenger steps from the car upon the street he becomes a traveler upon the highway, and terminates his relations and rights as a passenger, and the railway company is not responsible to him as a carrier for the condition of the street or for his safe passage from the car to the sidewalk."

While we might qualify the statement of this case to exclude the setting down of a passenger at an obviously improper point in the highway, the rule enunciated as to the termination of the relation is approved. In the present case the relation had ceased when the plaintiff had voluntarily left the car, and after safely alighting, had, for a half block, walked upon the public street. She then had no relation with the company. The facts are not in dispute. The plaintiff's case was not aided by the testimony of the defendant. The court, therefore, should have granted the motion to nonsuit. This renders it unnecessary to consider the other reasons urged.

The judgment is reversed, and judgment entered in this court for the defendant under the statute.