FLORENCE MORRIS, Appellant, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, Appellee.

**CARRIERS:** Carriage of Passengers—Termination of Relation. The
1    duty of a street railway company to a passenger terminates whenever the passenger voluntarily and safely alights from the car.

**NEGLIGENCE:** Proximate Cause—Injury to Alighting Passenger. The
2    negligent act of a street railway carrier in carrying a passenger a few feet beyond the usual stopping place is not the proximate cause of injuries suffered by a person in falling into a hole in the highway after having voluntarily and safely alighted from the car.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

APRIL 4, 1922.

ACTION in tort to recover damages for alleged negligence in the operation of one of the defendant's street cars. At the

close of all the testimony the court sustained a motion for directed verdict in favor of defendant and entered judgment for costs against plaintiff.   Plaintiff appeals.—*Affirmed.*

*Kimball, Peterson, Smith & Peterson,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

De Graff, J.—Plaintiff essayed recovery of damages upon a petition in which it is alleged that the defendant was negligent in the operation of one of its street cars on which the plaintiff was a passenger.   To the allegations therein the defendant opposes a general denial.   The skirmish in the trial court resulted in a directed verdict for defendant and to test the correctness of this ruling plaintiff prosecutes this appeal.

Two questions are presented: (1) Did the plaintiff occupy the relation of passenger, to the street car company at the time of the injury? (2) Was the negligence of the defendant company as alleged the proximate cause of the injury upon which the recovery of damages is predicated?

The facts are not in dispute.   Plaintiff was a passenger on one of the defendant's street cars operated on Sixth Street in the city of Council Bluffs on the afternoon of September 6, 1919.   She requested to be permitted to alight at Nineteenth Avenue which was not a regular stopping place.   The car in question regularly stopped upon demand at Twentieth Avenue, and on this occasion did stop at said avenue upon the request of plaintiff and she safely alighted from said car. She lived near Nineteenth Avenue and Sixth Street and had frequently used defendant's cars and had alighted at the place in question many times prior to this date.   After leaving the car she took several steps in the street which was an unimproved public highway, walked into a depression, fell and was injured. ·

1. Carriers: carriage of passengers: termination of relation.

The negligence alleged by plaintiff is that, "the defendant company did by its agents carry plaintiff between 28 and 30 feet south of the intersection of Nineteenth Avenue and Sixth Street and that it did accept plaintiff as a passenger and did fail to stop at such a place and in such a manner as to allow plaintiff to depart from defendant's car as such passenger in safety."

It is conclusively shown that plaintiff voluntarily alighted from the street car. She alighted safely and the car passed on. At the time of her injury she was not on the defendant's premises. Furthermore after plaintiff had alighted safely from the said street car she could and did choose her own course and direction, and she might have taken a number of different courses and directions. It was daylight but raining. She was quite familiar with her surroundings.

This is not a case in which the passenger in alighting does not reach safe ground or there was a failure of the company to give the passenger a safe landing place. See *MacDonald v. St. Louis Transit Co.*, 108 Mo. App. 374 (83 S. W. 1001). Nor do the facts in evidence disclose that the plaintiff as a passenger upon alighting from the defendant's car encountered a danger and received an injury. See *Brassell v. New York C. & H. R. R. Co.*, 84 N. Y. 241. Nor does the instant case fall within the rule announced by some jurisdictions when the passenger is carried beyond his destination and is deposited at a place entirely unfamiliar to him, and in returning to his destination by the only route open to him encounters some unknown danger and is injured. See *Terre Haute I. & E. Trac. Co. v. Hunter*, 62 Ind. App. 399 (111 N. E. 344).

The duty of a street railway company to exercise due care for the safety of a passenger continues only while the relation of passenger and carrier exists. If the passenger has safely alighted from the car and enters upon a public highway of his own choosing the relation of passenger terminates, and consequently the duty owing to the passenger by the carrier. The public street is not a passenger station and the condition of a street or public highway not used by the company in the operation of its cars is not chargeable to the carrier. Plaintiff in the instant case upon leaving the defendant's car was a traveler upon the highway and her rights as a passenger terminated. Plaintiff when injured was in a public place over which the defendant company had no control and her rights at said time and place were coextensive and coexistent with every other occupier of the street. She became a traveler upon the public highway, not a passenger. See, *Robertson v. West Jersey & S. R. Co.*, 79 N. J. L. 186 (74 Atl. 300) ; *Creamer v. West End St. R. Co.*, 156 Mass. 320.

The duty which the law imposes upon an ordinary railroad company to provide and maintain a safe place for landing its passengers has no application to a street car company operating its line along a public street or road, but the duty imposed upon such a company is to select a reasonably safe place for landing its passengers, and to make such selection with reference to getting off the car while it is at rest. A street car company is not responsible for any peril which the passenger incurs after the car has stopped, and the passenger has secured a safe landing place. *Macon R. & L. Co. v. Vining,* 120 Ga. 511 (48 S. E. 232); *Street Railroad v. Boddy,* 105 Tenn. 666 (58 S. W. 646).

The relation of passenger terminated when plaintiff entered upon the highway. Some point must be reached when this relationship ends, and it must be such a point that is free from all speculation and uncertainty. We accept the pronouncement of the Massachusetts Supreme Court in adopting the rule that this relation terminates the moment the passenger descended to the street. *Creamer v. West End St. R. Co.,* supra. See also *Chesley v. Waterloo, C. F. & N. R. Co.,* 188 Iowa 1004; *Central R. Co. v. Peacock,* 69 Md. 257; *Buzby v. Philadelphia Traction Co.,* 126 Pa. St. 559.

May it be said that the claimed negligence of the defendant in failing to stop at the intersection was the proximate cause of plaintiff's injury? The wrongful act as charged must be the

2. NEGLIGENCE: proximate cause of the damages in suit. *Lim-*
proximate cause: *ing v. Illinois Cent. R. Co.,* 81 Iowa 246. There
injury to alight-
ing passenger. was not an unbroken connection between the alleged wrongful act and the injury. The facts do not show a continuous succession of events so linked together as to make a natural whole. There was a new and independent cause intervening between the negligent act charged and the injury, and with this independent cause the defendant had nothing to do. The only negligence that can be predicated in this case is the unsafe condition of the street with which the defendant is not chargeable. The hole in the street was the proximate cause of her injury and there is no causal connection between the operation of defendant's car and the unsafe condition of the public highway which the plaintiff voluntarily chose to use. See *Haley v. St. Louis Transit Co.,* 179 Mo. 30 (77 S. W. 731).

Plaintiff failed to establish any negligence on the part of the defendant, and even if it could be said that the defendant was negligent in going past the intersection a few feet where plaintiff alighted, this failure was not the proximate cause of the injury and resulting damages.

The trial court was clearly correct in sustaining the motion for a directed verdict and the judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.