EMMA MATHIS, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**CARRIERS:** Carriage of Passengers—Termination of Relation. In-
1   structions reviewed, and held to properly state when the relation
of passenger and carrier terminated.

**DAMAGES:    Instructions in re Permanent Injury.    Record reviewed,**
2    and held to justify an instruction relative to the allowance of
damages for permanent injuries.

**TRIAL:    Misconduct in Argument—Necessity for Finding.    A charge**
3    of prejudicial misconduct in argument will not be reviewed when
the record reveals a dispute between counsel as- to what was said
in argument, and when the court makes no finding as to the facts.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 13, 1923.

ACTION for damages.    Verdict and judgment for plaintiff
for $4,000.    Defendant appeals.—*Affirmed.*

*W. H. McHenry* and *Corwin R. Bennett,* for appellant.

*Mulvaney & Mulvaney* and *C. C. Putnam,* for appellee.

PRESTON, C. J.—Plaintiff alleged that one of defendant's
street cars was started while she was- in the act of alighting
therefrom, and that she was injured.    Plaintiff's claim is, and
evidence introduced in her behalf tends to establish the fact,
that she was a passenger on one of defendant's cars; that she
gave the signal for the car to stop; that, before she alighted
therefrom, and while she was in the act of doing so, the car,
without any warning, started forward, the motorman applied
the electric current, and the car lunged suddenly and quickly
forward, throwing plaintiff with great force and violence against
the pavement below; that she was in good health prior to the
injury, and was engaged in employment from which she earned
$20 a week; that since the injury she has been unable to per-
form her labors as before; and that her injuries are permanent.

Defendant's evidence tends to show that plaintiff had
alighted from the car and was safely on the pavement before
the car was started, and that, after she had taken two or three
steps after alighting, she fell on the pavement.

The sufficiency of the evidence is challenged.    Without re-
viewing the testimony, we are of opinion that the case was
clearly one for the jury.

Some of the assignments of error are quite general, and too indefinite. Others are not referred to in the brief points or argument. The most serious complaint is in regard to the instructions.

1. Complaint is made of the refusal by the trial court to give an offered instruction to the effect that the relation of carrier and passenger between plaintiff and defendant continued only to the time of the leaving of the car by plaintiff. Appellant cites *Morris v. Omaha & C. B. St. R. Co.*, 193 Iowa 616. The argument is that the court did not instruct the jury as to the time when the relation of passenger and carrier terminated. It was said in the *Morris* case that the duty of a street railway company to exercise care for the safety of a passenger continues only while the relation of passenger and carrier exists. Sometimes that is a question of fact. It is not always safe practice for the trial court to adopt, in an instruction, the language used in the discussion of a case in an opinion. It is said by appellant that the relation of passenger and carrier terminated when the plaintiff entered upon the highway. This is what the trial court told the jury. While the court did not, in its instructions, use the exact language contained in the offered instruction, still we think that the thought is fully and properly covered by the instructions given. The instructions were in harmony with the theory of the parties. The instructions given read, in substance, as follows: After defining the duty of defendant as a common carrier of passengers for hire, the court instructed on the defendant's theory of the case, that, if the jury should find from the evidence that the car had stopped to permit plaintiff to alight, and that plaintiff had alighted, or had a reasonable time to alight therefrom, and did step from the car onto the pavement, and after having alighted from said car, and being free therefrom, she fell to the pavement and sustained her injuries, the defendant would not be liable. The converse of the proposition was given: That, if the jury should find as contended by plaintiff, that defendant, through its agents and employees, was negligent, as instructed, and that such negligence was the proximate cause of the injuries, then the jury should find for the plaintiff. We think it is clear that, in view

*1. CARRIERS: carriage of passengers: termination of relation.*

of the instructions given, the jury could not misunderstand the nature of the defendant's rights. We think there was no error in refusing the instruction asked.

2.  Instruction No. 5 should be read in connection with Nos. 7 and 8. The court did not, as contended by appellant, apply the terms "ordinary care" and "contributory negligence," with reference to the duty owed to the plaintiff, but explicitly instructed the jury as to what facts would constitute negligence on the part of the defendant. It is contended by appellee that appellant is precluded from complaining of the instruction by the fact that the verdict necessarily found that the defendant had been negligent. Appellee cites on this point *Worez v. Des Moines City R. Co.*, 175 Iowa 1, 24.

3.  It is thought by appellant that Instruction No. 10 is confusing, and placed the burden of proof on the defendant to establish certain facts before defendant would be entitled to a verdict. We think that the instruction is not susceptible of such construction. Appellant seems to concede that the instruction is correct, as an abstract proposition. This instruction, together with the preceding one, submits defendant's theory of the case and its defense. Taken together, the instructions fairly and correctly state the law as to the defendant's claims.

4.  Instruction No. 11 is on the subject of the measure of damages. Different elements are recited: among them that the jury might consider plaintiff's permanent injuries, if any, in so far as they affect her earning capacity, and as an element of physical and mental pain and suffering. It is thought by appellant that there is no evidence of permanent injuries. We do not so read the record. Plaintiff was about 54 years of age. The evidence tends to show that a hernia developed after and as a result of the injury. Plaintiff testified:

2. DAMAGES: instructions *in re* permanent injury.

"I discovered trouble with my left side, after I got so I could straighten up and walk straight. Then I found the hernia. I first discovered this when I first got so I could walk, about three or four weeks after the accident. When I am on my feet considerably, it comes below the surface, about as large as a hen's egg; and besides that, it pains."

She also testified that her hearing was affected, and that she suffered pain. In that regard, she says:

"In my left ear I suffer with such roaring, and pains sometimes,—sharp pains and roaring. Lately, it has got so I can't sleep nights. It is getting worse all the time. This roaring in my ear first started after I was hurt."

A medical witness who examined plaintiff testifies that there was a slight rupture on the left side,—left inguinal rupture,—probably the size of an English walnut. Another medical witness testified that the hernia is a little larger than a year before the trial; that "she is the picture of distress,—her appearance supports the facts brought out in the examination." Another medical witness testifies that external violence producing hemorrhage could cause internal ear trouble.

"The strain of a fall could be severe enough to give her a rupture of a blood vessel. I think her present condition of the ear is permanent."

We think that the instruction was justified by the evidence, and that defendant has no just cause of complaint in reference thereto.

5. Error is predicated upon the alleged misconduct of one of plaintiff's counsel in argument to the jury. The record shows that, during the closing argument to the jury, the following proceedings were had in open court:

3. TRIAL: misconduct in argument: necessity for finding.

"Mr. Bennett: Defendant excepts to argument of counsel for plaintiff, Mr. Putnam, to the jury, that damages such as those claimed by the plaintiff are part of the operating expenses of the defendant, and should be charged to operating expenses, and an allowance made therefor. This is not the exact words, but it is the substance of his argument.

"Mr. Putnam: The words are not exact, but counsel for plaintiff said that it ought to be charged to operating expenses, and the argument is made in answer to counsel's statement, Mr. Bennett, in his opening statement to the jury, among other things that the employees would not have to pay any judgment rendered here, and is in answer to that.

"Mr. Bennett: Defendant excepts to the argument as not being a proper answer to any argument made on behalf of

either counsel for the defendants, improper, unethical, and not based upon any fact in evidence or any circumstances in the record, and we move the court to instruct the jury not to consider the argument of counsel which has been excepted to.

"Court: The court has not heard the argument of the attorney. I rather assume that any charges that might be made in this case, it is immaterial as to what fund they should be paid from, or whether they should be charged to operating expenses or any other fund."

Counsel for appellant does not pretend to give in the objection the exact language used. It is in the nature of a conclusion. But conceding that counsel for plaintiff used the language attributed to him, there is no proof in the record that it was not in answer to statements made by counsel for appellant. It was so claimed. There was a dispute between counsel in that respect. We have held that, where affidavits are made as to alleged misconduct, and counter affidavits are filed, we will not settle a dispute between counsel, and that there must be a finding by the trial court. *Hein v. Waterloo, C. F. & N. R. Co.,* 180 Iowa 1225, 1231. We see no reason why the same rule should not apply here, where there is a dispute between counsel in their mere statements as to what occurred. The trial court did not hear the statements, and made no finding in that respect. So far as we can see, the statement of one is entitled to as much credence as that of the other. Furthermore, we think the matter is cured by the statement of the court that it did not make any difference what fund the recovery, if any, should be paid from.

These are the main points relied upon. After an examination of the entire record, we reach the conclusion that no prejudicial error appears. The judgment is affirmed.—*Affirmed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.