WILLIAM C. EVANS, RESPONDENT, v. WABASH RAILWAY COMPANY, APPELLANT.*

Kansas City Court of Appeals.  December 17, 1928.

*Corpus Juris-Cyc References: Carriers, 10CJ, section 1292, p. 851, n. 54; Damages, 17CJ, section 69, p. 729, n. 11; Evidence, 23CJ, section 1825, p. 68, n. 5.

*Roland A. Zeizel* and *J. E. Rieger* for respondent.

*Homer Hall* and *Higbee & Mills* for appellant.

BLAND, J.—This suit is founded upon the misdirection of plaintiff, a passenger of defendant, by one of its ticket sellers.  There was

a verdict and judgment in favor of plaintiff in the sum of $125 and defendant has appealed.

The facts show that plaintiff, who lived at Glenwood, Missouri, was in the habit of making periodical visits to St. Louis where he received treatment at the Veterans Bureau Hospital there. Plaintiff is an ex-soldier who became afflicted with tuberculosis in the service and since his discharge from the army has been drawing compensation from the government for total disability. Plaintiff went to St. Louis on the morning of January 17, 1927. When he made his former trips defendant's train, leaving St. Louis in the evening, arrived at Glenwood about three o'clock the next morning and was scheduled to stop at the latter place. However, on December 5, 1926, defendant, unknown to plaintiff, discontinued stopping this train at Glenwood. Late in the day of January 17, 1927, plaintiff presented himself at the ticket window at the Union Station in St. Louis and asked the ticket seller when he could get a train of defendant to Glenwood. Being informed that he could get such a train about nine o'clock that night, plaintiff asked the ticket seller if the train stopped at Glenwood and was told that it did. Plaintiff then purchased of the ticket seller a ticket to Glenwood for that train and presented his government transportation request to the seller; the latter then took the transportation request and made out a ticket to Glenwood over defendant's railroad.

The seller put on the ticket some figures, the number of the transportation request and the letters "V. B." and stamped the ticket "Government One." It appears that the letters V. B. mean "Veterans Bureau." The ticket seller then told plaintiff to go to track No. 8 where he would catch his train. Plaintiff followed these directions and the ticket was punched by the keeper of the gate and plaintiff went to the train to which he was directed. Plaintiff was carried on defendant's train to and through Moberly where a new conductor took charge. Plaintiff presented to this conductor his ticket. The conductor "took up" plaintiff's ticket and put a punched slip on the window curtain by the seat occupied by plaintiff. When the train approached Kirksville, the conductor awoke plaintiff and told him that he would either be required to leave the train at Kirksville or be carried to Moulton, Iowa; that the train did not stop at Glenwood. Glenwood is located between Kirksville and Moulton. Plaintiff objected, words passed, and finally the conductor gave the ticket back to plaintiff. Plaintiff put on his coat and shoes and alighted at Kirksville when the train stopped there, leaving the train under protest at 3:32 A. M.

It became necessary for plaintiff to spend the rest of the night at a hotel. Plaintiff testified that he desired to obtain accommodations at a cheap hotel; that he was unacquainted with the cheap hotels in

Kirksville; and that it required him about thirty minutes to ascertain by inquiry as to the location of one. He repaired to this hotel where he spent the rest of the night and went on to Glenwood the next day. Plaintiff testified that on the night in question it was cold, chilly and damp and that he contracted "a deep cold on my lungs." This suit is brought for damages to his health by reason of his having contracted the cold and for medical attention and the hotel bill.

Defendant complains of the refusal of the court to give at its request several instructions which, in effect, sought to tell the jury that plaintiff was entitled to recover only for loss of time, additional expense and nominal damages. We think that the court erred in refusing to give these instructions. It is well settled that a wrongdoer is responsible for only the natural and probable consequences of his wrongful act or omission, or such consequences as might reasonably have been foreseen. The damage suffered as a result of a tort is too remote if, according to the usual experience of mankind, the result was not to be expected. [17 C. J., pp. 741, 742; Haley v. Transit Co., 179 Mo. 30.]

Plaintiff does not contend that had he been a well man he would be entitled to recover for injury to his health and medical expense by reason of his having been put off the train at Kirksville, which the evidence shows is a city having a railroad station with two good hotels within a half a block thereof, but states that the fact that he was a consumptive and the weather was cold and inclement and that he would be required to leave the train at Kirksville early in the morning was known to the ticket seller and the latter could have reasonably anticipated that plaintiff in his state of health would contract a cold. However, there is nothing in the testimony tending to show that the ticket seller knew of the condition of health of plaintiff. While it is true that he knew that plaintiff was riding on Veterans Bureau transportation, we cannot take judicial notice, as plaintiff would have us do, that only diseased or wounded soldiers ride on that character of transportation. There is no testimony tending to show that employees of the Veterans Bureau, who might be in good health, did not travel on transportation of this kind.

There is nothing in the testimony tending to show that the ticket seller by looking at plaintiff would know that he was suffering from tuberculosis. Plaintiff testified that he was better, that "I hadn't had any pains in my lungs for a couple, three months;" that he suffered pains in his lungs "off and on," that the pains "would come and go . . . when I had a cold." One of plaintiff's witnesses testified that she did not think that plaintiff was a "strong, able-bodied man but he was a man who went all the time on business and, of course, he chored around and did his work—what he had to do." Plaintiff testified that he did very little work, that "I fed my chick-

ens, seen that my chickens were tended to and my cow, and work like that; would probably pack a little stove wood and that was about all I was able to do.'' It, therefore, appears that plaintiff was not entirely incapacitated and was able to do light work, to get around and go to St. Louis. As to his appearance to a stranger as regards his state of health, the evidence shows nothing further than that he had tuberculosis; there is no evidence of plaintiff's appearing to be a sick man. Many people suffering from tuberculosis appear to be in a more or less good state of health to a stranger. We think that the court erred in refusing to give defendant's instruction and, for the reasons heretofore given, in giving plaintiff's instruction No. 1.

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble,* P. J., absent.